IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERETT L. MYERS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-5893 |
| | : | |
| DAY & ZIMMERMAN GROUP INC., et al. | : | |
| | : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                           **September 13, 2021**

Plaintiff Everett L. Myers, Jr. brings this employment action against Day & Zimmermann Group Inc. ("Day & Zimmerman") and Calpine Corporation ("Calpine"),[1] alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Myers also brings claims for tortious interference with existing and future contractual relations, defamation, and defamation per se. Defendants Calpine and Day & Zimmermann have each filed motions to dismiss pursuant to Rule 12(b)(6). Because the Amended Complaint sets forth plausible claims for relief, the Court will deny Defendants' motions.

**BACKGROUND**

Everett L. Myers, Jr. is a Black, male, electrical worker. Day & Zimmermann is a staffing agency that provides temporary employees for its clients. Calpine is an electricity and natural gas company and a client of Day & Zimmermann. In June 2018, Day & Zimmermann assigned Myers to work as a temporary journeyman electrician at a Calpine facility in Delta, Pennsylvania. Am. Compl. ¶¶ 14, 16–17.

Myers claims he experienced racial discrimination and a hostile work environment at Calpine's facility during the period of time he was staffed there by Day & Zimmermann. Myers

---

[1] The Amended Complaint and case caption spell Defendants' names incorrectly. Defendants are "Day & Zimmermann Group Inc." and "Calpine Corporation."

specifically claims his coworkers used racial epithets, drew racially offensive imagery throughout the workplace, and posted racist signs that read, for example, "go back to Africa." The alleged racial hostility and discrimination was so pervasive that Calpine convened a meeting at which company leadership instructed employees to cease all discriminatory and racist conduct. After Defendants failed to remediate working conditions, however, Defendants began terminating Black workers on the job site. Myers alleges his supervisors also spread false information about him that implied he was a poor performer and had a history of workplace misconduct. Myers was terminated shortly thereafter.

Myers was subsequently hired by Electrical Builders, Inc. ("Electrical Builders") in November 2018 to work in a similar capacity at another power station in Delta, Pennsylvania. While performing a background check on Myers, Electrical Builders contacted Calpine for an employment reference. Myers claims an agent of Calpine told Electrical Builders Myers was fired for fighting on the job and for poor performance. Myers maintains both statements were untrue. By spreading misinformation to Electrical Builders and other potential employers, Myers claims Day & Zimmermann and Calpine defamed him and continue to do so to prospective employers which prevents him from finding steady employment.

Myers filed suit on November 25, 2021. After Defendants moved to dismiss the Complaint on January 25, 2021, and January 29, 2021, Myers filed a motion for leave to amend the Complaint and a proposed Amended Complaint on February 8, 2021. The Amended Complaint lists seven causes of action against both defendants, including race discrimination in violation of 42 U.S.C. § 1981 (Count I); race discrimination in violation of Title VII (Count II); a hostile work environment in violation of Title VII (Count III); tortious interference with existing contractual relations (Count IV); tortious interference with prospective contractual relations (Count V); defamation (Count VI);

and defamation per se (Count VII). Calpine then moved to dismiss all counts and Day & Zimmermann moved to dismiss Counts III–VII of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Calpine also opposes Myers's motion for leave to amend the Complaint.

**DISCUSSION**

As an initial matter, the Court will grant Myers's motion for leave to amend the Complaint. A party may "amend its pleadings once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Fed R. Civ. P. 15(a)(1). Myers filed the Complaint on November 25, 2020. Calpine filed a motion to dismiss on January 25, 2021, and Day & Zimmermann filed a motion to dismiss on January 29, 2021. Myers moved for leave to amend the Complaint on February 8, 2021, and simultaneously filed a proposed Amended Complaint. This is 14 days after Calpine's Rule 12(b) motion. Myers's amendment is therefore allowable, and the Court will deem the Amended Complaint filed.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must be facially plausible, meaning that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Castleberry v. STI Grp.*, 863 F.3d 257, 263 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Evaluating a Rule 12(b)(6) motion is a three-step process. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court determines elements the plaintiff must plead to recover under the applicable law. *Id.* Second, the Court separates the complaint into elements that must be taken as true and those that cannot be. *Id*. Only factual, not conclusory, allegations must be taken as true. *Id.* A factual allegation is neither a legal conclusion

nor a formalistic recitation of the elements of a claim. *Id.* The "clearest indication" of a particular statement being conclusory, rather than factual, is that the statement embodies a legal point. *Id.* at 790. Third, the court takes the factual allegations to be true, draws all reasonable inferences in the plaintiff's favor, and determines whether the complaint plausibly establishes entitlement to relief. *Id.*

The Court addressed Defendants' arguments in turn. First, Myers has adequately pled the Section 1981 claim. Whether Myers was an independent contractor for Calpine, had an express or implied-in-fact employment contract with Calpine, and whether Calpine interfered with Myers's full-time employment with Day & Zimmermann are factual issues requiring discovery. The proper time for resolution of these issues is after fact discovery reveals the precise nature of Myers's relationship with Calpine. Section 1981 also permits claims brought by independent contractors against temporary employers. *See Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009) ("[A]n independent contractor may bring a cause of action under Section 1981 for discrimination occurring within the scope of the independent contractor relationship."). The existence of an express or implied employment contract with Calpine similarly may be dispositive of Myers's Section 1981 claim, but it is too early to tell. At the outset, Calpine's reliance on *Faush v. Tuesday Morning, Inc.* is misplaced, as that case was decided at summary judgment. 808 F.3d 208 (3d Cir. 2015). The *Fausch* court held the record before it showed the plaintiff never entered into a contract with the defendant and never attempted to do so. *Id.* at 220. Making such a determination on the pleadings alone would be premature. *See, e.g.*, *Lazard v. All Restore LLC*, No. 19-6040, 2021 U.S. Dist. LEXIS 59200, at *16 n.5 (E.D. Pa. Mar. 29, 2021) (refusing to extend *Faush* to a motion to dismiss). Finally, third parties may also incur Section 1981 liability when they intentionally interfere with a plaintiff's contractual or at-will relationship with a staffing agency. *See, e,g.*,

4

*Lazard*, 2021 U.S. Dist. LEXIS 59200, at *22–23 ("A plaintiff may bring a Section 1981 claim against parties to a contract, as well as third parties who intentionally interfere with parties' contractual rights." (citing *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 699 (E.D. Pa. 2002)). The Amended Complaint alleges Calpine's agent falsely told a prospective employer that Myers was fired for fighting on the job and this action "intentionally discriminated against Plaintiff because of his race." Am. Compl. ¶¶ 32, 36. These claims are sufficient to state a claim under Section 1981 whether or not Myers had a contract with Calpine. The Court will therefore deny Calpine's motion to dismiss Count I.

Myers has also exhausted all administrative remedies despite Calpine's contention that he failed to list Calpine in the EEOC charge. EEOC charges and other similar statutory schemes should be liberally construed because "laymen, unassisted by trained lawyers, initiate the process." *Wetzel v. Liberty Mut. Ins. Co.*, 511 F.2d 199, 202 (3d Cir. 1975), *vacated on other grounds*, *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). Questions of whether an employer was adequately named in an EEOC charge—and whether a reasonable EEOC investigation would have uncovered that employer's involvement and thus given notice to the employer of the charge—are fact-intensive inquiries. *See Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 864 (3d Cir. 1977) (vacating the district court's dismissal because, without an opportunity to conduct discovery, plaintiff "has been unable to show whether the EEOC actually investigated the charge or gave notice of the charge to [defendant employer]"). Even courts that have adhered to the rigid requirement that all defendants must be named before the EEOC have held that this requirement is satisfied when the EEOC-named party adequately represented before the EEOC the interests of those not named in the charge. *See id.* at 865 (collecting cases). Because "the existence of an agency relationship hinges largely on the facts of each case, discovery [is] essential to the

5

preparation of an agency theory argument." *Id.* The Court will therefore deny Calpine's motion to dismiss Counts II and III due to Myers's alleged failure to specifically name Calpine in the EEOC charge.

Myers's EEOC charge was also timely. Plaintiffs charging discrimination under Title VII must file a Charge of Discrimination with the EEOC within 300 days of the alleged harassing behavior. 42 U.S.C. § 2000e-5(e)(1); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). A hostile work environment claim, however, "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' and 'cannot be said to occur on any particular day.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–17 (2002)). A plaintiff must therefore plead at least one unlawful practice which occurred within the 300-day filing period. *Id.* at 166. Myers filed with the EEOC on June 14, 2019, which is 293 days after his August 25, 2018, termination. This means Myers must allege at least one act relating to the hostile work environment occurred within seven days of his termination. The inference in the light most favorable to Myers is that he was exposed to racial slurs, signs, and imagery in the workplace during the week before his termination. The Amended Complaint also does not list the date a foreman falsely told a supervisor and employees that Myers "urinated in a box." Am. Compl. ¶¶ 28–29. The Amended Complaint also notes Day & Zimmermann and Calpine took no remedial action after the harassing conditions were brought to their attention, even in the seven days before terminating Myers. *Id.* ¶ 25. For these reasons, the motion to dismiss Myers's Title VII hostile work environment claim will be denied.

The facts alleged are sufficient to establish a plausible employment relationship between Myers and Calpine for purposes of Myers's Title VII claims. Title VII, unlike § 1981, only allows claims against employers. *Brown*, 581 F.3d at 179; *see also Kahn v. Am. Heritage Life Ins. Co.*,

6

324 F. Supp. 2d 652, 655 (E.D. Pa. 2004) (finding a lack of subject matter jurisdiction over plaintiff's Title VII claim because "Title VII protects workers who are 'employees' but does not protect independent contractors" (citations omitted)). To determine if an employment relationship plausibly exists, courts balance the *Darden* factors, with a focus on "the level of control the defendant[s]. . . exerted over the plaintiff: which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013) (citing *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992)) The *Darden* standard does not ask what single entity employed the plaintiff, as two entities can serve as joint employers. *Id.*

The Amended Complaint alleges Day & Zimmermann and Calpine jointly employed Myers. Courts have considered this type of allegation to be conclusory. The Amended Complaint alleges Myers began his work with Defendants in June 2018 as a journeyman electrician responsible for supplying temporary power for Calpine's job site. Am. Compl. ¶¶ 5, 15, 17. This supports a plausible inference that both Calpine and Day & Zimmermann took part in hiring Myers. Myers also alleges "Calphine [*sic*] held a meeting in or around August 2018 where white employees were asked to stop creating a hostile work environment for non-white employees by writting [*sic*] racial slurs on the walls of the portable restrooms and hanging nooses around the jobsite." *Id.* ¶ 24. This supports an inference that Calpine supervised the day-to-day work and discipline of all workers at the job site, including Myers. One of Myers' prospective employers (Electrical Builders) also contacted Calpine—rather than Day & Zimmermann—while performing Myers's background check. *Id.* ¶ 32. This implies Calpine had the ability to evaluate Myers's performance and supervise his day-to-day work. The Amended Complaint alleges both entities terminated Myers. *Id.* ¶ 30. The Amended Complaint does not mention which entity determined

7

compensation, benefits, or hours, nor does it mention who kept records of payroll, insurance, or taxes. The allegation that, "at all times relevant both Day & Zimmerman [*sic*] and Calphine [*sic*] had substantial and direct immediate control over the essential terms of Plaintiff's employment" may be viewed as conclusory. Even assuming this allegation is conclusory, the Amended Complaint adequately pleads an employment relationship with Calpine. Taking all inferences from the factual allegations in favor of Myers, it appears Calpine had control over Myers' day-to-day job function. These allegations support the plausible inference that discovery will reveal an employment relationship. *Id.* ¶ 15; *cf. Faush*, 808 F.2d at 218–19 (upholding the district court's denial of summary judgement for defendant because a reasonable jury could have found an employment relationship between the plaintiff and a company that did not pay him or terminate his employment, but directly supervised and controlled his day-to-day work at their worksite). The Court will therefore deny Calpine's motion to dismiss Myers's Title VII claims in Counts II and III.

Myers has sufficiently pled actual legal damages, which is a required element of his claims for tortious interference with existing and future contractual relations in Counts IV and V. The elements of tortious interference in Pennsylvania are "(1) the existence of a contractual relation between the claimant and a third party, (2) purposeful action on the part of the defendant specifically intended to harm the existing relation, (3) the absence of a privilege or justification for doing so, and (4) actual legal damage as a result of defendant's conduct." *Devon Robotics, LLC v. DeViedma*, No. 09-cv-2552, 2009 U.S. Dist. LEXIS 112077, at *19 (E.D. Pa. Dec. 1, 2009) (citing *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 530 (3d Cir. 1998)).[2] Calpine

---

[2] The elements of tortious interference with *prospective* contractual relations are the same, but a plaintiff is also required to show the existence of prospective contracts. *See Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1014 (3d Cir. 1993).

argues Myers fails to plead the fourth element of actual legal damages. The Amended Complaint states, "Plaintiff has suffered actual legal damage as a result of Defendants' conduct and will continue to suffer damages so long as Defendants continue to defame Plaintiff to each and every prospective employer Plaintiff attempts to find new employment with." Am. Compl. ¶¶ 51, 54. These allegations plausibly establish discovery will reveal information that satisfies the fourth element of actual legal damages. The Court will therefore deny the motion to dismiss Counts IV and V.

Myers's defamation and defamation per se claims are not barred by the applicable statute of limitations. In Pennsylvania, defamation claims are subject to a one-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5523(1). But in circumstances where a reasonably diligent injured party could not have known about an injury, the statute of limitations does not begin to run until "discovery of the injury is reasonably possible." *Smith v. IMG Worldwide, Inc.*, 437 F. Supp. 2d 297, 306 (E.D. Pa. 2006) (quoting *Gatlin v. Eaton Corp.*, 807 A.2d 283, 289 (Pa. Super. Ct. 2002)). This is known as the "discovery rule" and should be applied "only when necessary." *Id.* at 305–06 (citing *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997)).

The Amended Complaint alleges three defamatory statements. First, sometime before August 25, 2018, Calpine General Forman Sean Homes falsely told a supervisor and employees that Myers urinated in a box and the Defendants fired him as a result. Am. Compl. ¶¶ 27–28. Second, in November 2018, Calpine falsely told another employer that Myers was fired for fighting on the job. *Id.* ¶ 32. Third, Myers claims he "has reason to believe that Defendants continue to defame Plaintiff to each and every prospective employer Plaintiff attempts to find new employment with." *Id.* ¶ 34. The defamation and defamation per se claims are based on all these statements. *Id.* ¶¶ 55–56, 63–64. Because at least one of these statements plausibly occurred within

the statute of limitations period, and because Myers may reasonably not yet know the injury caused by Defendants' defamatory statements, the discovery rule prohibits dismissal of these counts on statute of limitations grounds. The Court will deny Defendants' motion to dismiss Counts VI and VII.

Myers's claims for tortious interference with existing and prospective contractual relations are also not barred by the applicable statute of limitations. In Pennsylvania, a claim of tortious interference with contractual relations is typically subject to a two-year statute of limitations. *Evans v. Phila. Newspapers, Inc.*, 601 A.2d 330, 333–334 (Pa. Super. Ct. 1991) (citation omitted). But when a tortious interference claim is based on statements comprising an accompanying defamation claim, the tortious interference claim is subject to the one-year statute of limitations that applies to the underlying defamation claim. *Id.* at 262; *see also McClenaghan v. Turi*, 567 F. App'x 150, 156 (3d Cir. 2014) (upholding a jury instruction to apply a one-year statute of limitations to tortious interference claims because the factual gravamen of the claim was the same as that of an associated defamation claim). Count IV of the Amended Complaint alleges tortious interference with existing contractual relations as Calpine falsely told Electrical Builders that Myers was fired for fighting on the job. Am. Compl. ¶ 49. For the same reasons the underlying defamation claim should not be dismissed on statute of limitations grounds, the Court will deny the motion to dismiss Counts IV and V.

The Amended Complaint puts both Day & Zimmermann and Calpine on notice as to the nature of the claims against them, despite the fact that Myers did not differentiate between Defendants in every instance. Federal Rule of Civil Procedure 8(a)(2) requires complaints to provide each defendant notice of the grounds on which a claim rests. *See Twombly*, 550 U.S. at 555. When a complaint groups multiple defendants together in a way that does not provide each

defendant notice on what aspects of its conduct are at issue, a motion to dismiss may be granted. *See, e.g.*, *Staropoli v. Metro. Life Ins. Co.*, 465 F. Supp. 3d 501, 516 (E.D. Pa. 2020). Myers claims to not know who made most of the alleged defamatory statements. Taking as true the allegation of continued defamation by both Defendants, the Amended Complaint provides Day & Zimmermann and Calpine adequate notice of the conduct at issue: agents of one or both Defendants contacted Myers' prospective employers and defamed him. Although the defamatory statement alleged in paragraph 32 of the Amended Complaint specifies that only Calpine's—not Day & Zimmermann's—agent communicated a false statement to Electrical Builders, the allegations of defamation in paragraphs 49, 52, 56, 59, 64, and 65 are not so limited. These statements provide enough guidance to each Defendant concerning the allegations they must respond to and defend. The Court will deny Day & Zimmermann's motion to dismiss Counts IV–VII on this basis.

Myers's reference to an "agent" of Day & Zimmermann does not warrant dismissal of Counts IV–VII. Although the use of the word 'agent' may be an impermissible legal conclusion inappropriately used at the pleading stage, Myers cannot know who continues to defame him to prospective employers without the benefit of discovery, let alone whether these persons are employees of Calpine or Day & Zimmermann. The Court will strike Myers's use of the word "agent" insofar as it is an impermissible legal conclusion. However, the Court will deny Day & Zimmermann's motion to dismiss Counts IV–VII on this basis.

Myers has adequately plead Day & Zimmerman's respondeat superior liability. An employer may be held vicariously liable for the negligent acts of its employee "provided that such acts were committed during the course of and within the scope of the employment." *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979). Conduct is considered within the scope of employment if "(1) it is of a kind and nature that the employee is employed to perform; (2) it

occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part, by a purpose to serve the employer." *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998) (citation omitted). Myers claims he does not know whether the individuals who allegedly made defamatory statements were employed by Calpine, Day & Zimmermann, or another entity. Discovery is the only recourse available to determine if respondeat superior liability exists. Day & Zimmermann argues the Amended Complaint fails because it does not list defamatory communications in service of an employer. It is plausible, however, that agents of Calpine or Day & Zimmermann who made the statements did so at the request of other employers asking for references. This type of communication would be in service to an employer as communicating references could be part of an employee's job responsibilities. Day & Zimmermann's motion to dismiss Counts IV–VII will be denied accordingly.

**CONCLUSION**

Because Myers's Amended Complaint sets forth plausible causes of action satisfying federal notice pleading standards, the Court will deny Day & Zimmermann's and Calpine's motions in their entirety.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez  
Juan R. Sánchez, C.J.